UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of Arbitration between,

**J&C International Group LLC;**
**Ideal Capital LLC;**
**Ideal Investment LLC;**
**Caffebene Season Plaza LLC;**
**and Kingston Café Management, Inc.,**

      Petitioner,

  - and -

**Caffebene, Inc.;**
**Caffebene Company, LTD**

      Respondent.

---

Index No.: 18 CV _____

**PETITION TO CONFIRM AN ARBITRATION AWARD**

## I.   INTRODUCTION

1.   Petitioner J&C International Group LLC, Ideal Capital LLC, Ideal Investment LLC, Caffebene Season Plaza LLC and Kingston Café Management, Inc., seek confirmation of the Arbitrator's award dated February 15th, 2018 In the Matter of An Arbitration Between J&C International Group LLC, Ideal Capital LLC, Ideal Investment LLC, Caffebene Season Plaza LLC and Kingston Café Management, Inc. (Petitioners) and Caffebene, Inc. and Caffebene Company, LTD (Respondent), American Arbitration Association Case No. 01-15-0004-7221. (the "**Award**") A true and correct copy of the Award is attached as Exhibit A. The Award was

rendered by the duly appointed Arbitrator, the Honorable Peter L. Altieri (the "Arbitrator"), with the consent of the parties. The Award represents a full determination of all claims and counterclaims submitted to arbitration by Petitioner and Respondent.

2. The Court has authority to confirm this arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. As set forth below, this Court has independent jurisdiction over the parties and this matter; the parties agreed to litigate their claims through arbitration; the parties did in fact arbitrate; the parties personally attended and participated in the arbitration for an evidentiary hearing; the arbitrator issued an award in Petitioner's favor; and the parties agreed that "any disputes by arbitration shall be governed exclusively by the Federal Arbitration Act" *see* Franchise Agreement §29 as attached as Exhibit B.

3. Confirmation of the Award is proper in this case. Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171,176 (2d Cir. 1984)). An award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Oracle Corp. v Wilson*, 276 F Supp 3d 22, 28 [SDNY 2017]. "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *E.g. Rai v. Barclays Capital Inc.*, 739 F.Supp.2d 364, 370 (S.D.N.Y. 2010), *citing Willemijn Houdstermaatschappij, BV v. Standard Microsystems,* 103 F.3d 9, 12 (2d Cir.1997); *see also, Local 1199, Drug, Hosp. & Health Care Employees Union v. Brooks Drug Co.*, 956 F.2d 22, 24 (2d Cir.1992) ("*Local 1199*").

4. Indeed, so strong is the public policy interest in confirming arbitration awards, the Court of Appeals for the Second Circuit adheres to the proposition that "confirmation must be ordered 'if there is any basis for upholding the decision and if there is even a barely colorable justification for the outcome reached,' *Bear, Stearns & Co. v. 1109580 Ont., Inc.*, 409 F.3d 87, 91 (2d Cir. 2005), *see also Sexton v Karam*, 648 F App'x 108 [2d Cir 2016].

5. There is no doubt that the Award here far exceeds this standard. As demonstrated herein, the Arbitrator was duly appointed by the American Arbitration Association ("AAA") with the parties' consent. *see* Franchise Agreement §29. The Arbitrator provided ample discovery and a two-days evidentiary hearing. The Arbitrator applied the law to the facts and rendered the Petitioners award against Caffebene Inc and Caffebene Company, Ltd, accordingly.

6. As the reward reflects, Petitioners are business entities who are seeking to invest and subsequently manage and operate an established business with sophisticated processes already in place. Respondent's representations and other legal documents made Petitioners to believe that Respondents are one of this type and therefore signed up five franchise stores with Respondents. However, Respondents' representations were pure fabrication. Caffebene is nothing like any legitimate franchise business of any type anywhere in the United States. Respondent has no procedures in place for franchisees like Petitioners to rely on, no employees qualified to create them, and no intention of doing so themselves. Respondent not only breached agreements with Petitioners with bad faith, but also conducted fraud and misrepresentation towards Petitioners.

7. Petitioner's award of damage is based on two counts thoroughly stated in Petitioner's arbitration demand, namely breach of agreement and fraud and misrepresentation. The cause of breach of agreement is based on three counts, namely Respondents unreasonably

delayed opening the City of Industry Store, Respondents Failed to Provide the Promised Training and Respondents Failed to Provide the Promised Operations Manual. In addition, Respondents also commit fraud and misrepresentation towards Petitioners. After experiencing firsthand Respondents' complete and total failure to perform as a franchisor, it became clear to Petitioners that Respondents' representations were knowingly or recklessly false, and that they were made with the intent to hoodwink Petitioner into a deal that would benefit Respondents and injure Petitioners. Through their affirmative misrepresentations and material omissions, Respondents fraudulently induced Petitioners to enter into franchise agreements that were doomed to fail and/or otherwise frustrate Petitioners' explicit objectives. At a minimum, Respondents made a series of negligent misrepresentations that Petitioners reasonably relied on to their detriment. The total loss of damage incurred by Petitioners is more than $1,850,000.00.

8. After having duly heard the proofs and allegations of the Parties and a 2-days extensive evidentiary hearing, the arbitrator awarded that "Respondent Caffebene, Inc. shall pay: (a) to Petitioner Ideal Capital LLC $227,449.20; (b) to Petitioner J&C International Group LLC $51,571.64; (c) to Petitioner Caffebene Season Plaza LLC $341,070.74; and (d) nine percent interest on all of the above amounts from August 21, 2015, to the date of payment. Such damages awarded are the product of straightforward application of the law and are based on Petitioner's actual losses.

9. The arbitrator also makes clear and awarded that the totaling $16,900.00 Administrative fees and expenses of American Arbitration Association are to be borne by Respondent Caffebene, Inc. The Compensation and expenses of the Arbitrator totaling $33,020.00 are to be borne by Respondent Caffebene, Inc. Therefore, Respondent Caffebene, Inc.

shall reimburse Petitioner Caffebene Season Plaza LLC the sum of $33,410.00, representing that portion of said fees and costs in excess of the apportioned costs incurred by Petitioners.

10. This award was made under due process and under arrangement agreed by both parties. The standardized Franchise Agreement between Caffebene, Inc. and Petitioner Ideal Capital LLC effective January 2, 2014 was drafted by Respondents hereof attached as Exhibit C and contains arbitration provision.

11. Article 29 of the Ideal Capital and KCM Franchise Agreements is entitled "Mediation and Arbitration" and provides, in relevant part:

> [A]ny controversy, claim, cause of action or dispute arising out of, or relating to the Caffebene Store or this Agreement. . . shall be submitted to final and binding arbitration as the sole and exclusive remedy for any such controversy or dispute…
>
> The right and duty of the parties to this Agreement to resolve any disputes by arbitration shall be governed exclusively by the Federal Arbitration Act, as amended, and arbitration shall be conducted pursuant to the then-prevailing Commercial Arbitration Rules of the AAA. The arbitration shall be held at the office of the AAA nearest to our principal office at the time. . .
>
> One arbitrator shall be selected from a panel of neutral arbitrators provided by the AAA and shall be chosen by the striking method. The fees

and expenses of the proceeding may be awarded by the arbitrator to the prevailing party. If not so awarded, the parties shall bear their own fees, costs and expenses, and the charges of the arbitrator shall be split between the parties. The arbitrator shall have no authority to amend or modify the terms of this Agreement.

12. The Award was rendered by the Arbitrator duly appointed pursuant to the AAA procedure and in concert with the applicable law. The arbitration was arbitrated at the office of the AAA in New York. In short, the Federal Arbitration Act requires that the Award be confirmed.

## II. THE COURT HAS JURISDICTION AND VENUE IS APPROPRIATE

13. The court has jurisdiction over the current case because diversity jurisdiction exists pursuant to 28 U.S.C. § 1331 as Petitioner and Respondent are citizens of different states and the amount in controversy exceeds $75,000.

14. Petitioners, J&C International Group LLC, Ideal Capital LLC, Ideal Investment LLC, Caffebene Season Plaza LLC and Kingston Café Management, Inc., each formed and established in the state of California. Respondent Caffebene Inc was duly incorporated and registered in the state of New York and maintains its headquarters and principal place of business in New York City. The other Respondent Caffebene Company Ltd, was incorporated and registered in Republic of Korea. Petitioners seek to confirm an arbitration award well in excess of $75,000. Accordingly, diversity jurisdiction exists.

15. A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction. *Doctor's Assocs. v.*

*Stuart*, 85 F.3d 975, 983 (2d Cir.1996) Article 29 of Franchise Agreement between Petitioner and Respondent includes:

> "The right and duty of the parties to this Agreement to resolve any disputes by arbitration shall be governed exclusively by the Federal Arbitration Act, as amended, and arbitration shall be conducted pursuant to the then-prevailing Commercial Arbitration Rules of the AAA. The arbitration shall be held at the office of the AAA nearest to our principal office at the time. . . ."

16. Respondent's then principal office was and currently still is 1430 BROADWAY SUITE# 14E, NEW YORK, NY 10018. The parties indeed had the arbitration conducted pursuant to the then-prevailing Commercial Arbitration Rules of the AAA and the arbitration was held at the office of the AAA nearest to Franchisee's principal office at the time. Therefore, venue is proper and personal jurisdiction exists because Respondent agreed to arbitrate in New York City. Independently, venue is also proper because the Award was rendered in New York City, and pursuant to 28 U.S.C. § 1391(b) because Respondent, is headquartered in New York City and a substantial part of the events giving rise to the Award occurred in New York City. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 197-204 (2000).

17. The Court is authorized to confirm this arbitration Award pursuant to the Federal Arbitration Act 9 U.S.C. § 9. Section 9 provides that a "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made

any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9.

18. Here, Petitioner and Respondent are parties to Franchise Agreement containing an agreement to arbitrate. In addition to the provisions above, the arbitration clause also includes following provisions:

> Except as otherwise provided in this Agreement, if the mediation is not successful, any controversy, claim, cause of action or dispute arising out of, or relating to the Caffebene Store or this Agreement including, but not limited to (i) any claim by Franchisee, or any person in privity with or claiming through, on behalf of or in the right of Franchisee, concerning the entry into, performance under, or termination of, this Agreement or any other agreement entered into by Franchisor, or its subsidiaries or affiliates, and Franchisee, (ii) any claim against a past or present employee, officer, director or agent of Franchisor, (iii) any claim of breach of this Agreement, and (iv) any claims arising under state or federal laws, shall be submitted to *final and binding arbitration as the sole and exclusive remedy for any such controversy or dispute*. Unless, prohibited by applicable law, and except with respect to claims for payment defaults by Franchisee, any claim shall be made by filing a written demand for arbitration within one (1) year from the date on which Franchisor or Franchisee knew or should have known, in the exercise of reasonable diligence, of the conduct, act or other event or occurrence first giving rise to the claim; otherwise, the right

to any remedy shall be deemed forever waived and lost. Claims by Franchisor regarding payment defaults may be made at any time within the applicable legal statute of limitations. Claims allegedly in defense against claim for payment are barred if not made within the one year period referred to above. Persons in privity with or claiming through, on behalf of or in the right of Franchisee include, but are not limited to, spouses and other family members, heirs, executors, representatives, successors and assigns.

19. The parties indeed arbitrated their claims in a two days evidentiary hearing held in New York City. Thereafter, the Arbitrator issued the Award. Further, the parties agreed that any award "shall be final and binding arbitration as the sole and exclusive remedy for any such controversy or dispute." The parties also expressly incorporated the rules of the AAA into their arbitration agreement, which provide that judgment may be entered in any court having jurisdiction thereof. As set forth above, this Court has jurisdiction over the parties and this controversy and may confirm the award and enter judgment. 9 U.S.C. § 9; Dev. Specialists, Inc. v. Li (In re Coudert Bros.), 2017 BL 156345, 4- 5 (S.D.N.Y. May 09, 2017).

### III. STANDARD OF REVIEW

20. The review of arbitration awards is governed by the Federal Arbitration Act. See *Halligan v. Piper Jaffray, Inc.,* 148 F.3d 197, 201 (2d Cir.1998), cert. denied, 526 U.S. 1034 (1999). Pursuant to 9 U.S.C. § 9, any party to an arbitration may apply to a federal court for an order confirming the award resulting from the arbitration. The court "must grant ... an order [confirming the arbitration award] unless the award is vacated, modified, or corrected as

prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9; see *First Interregional Equity Corp. v. Haughton,* 842 F.Supp. 105, 108 (S.D.N.Y. 1994).

21. "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Rai,* 739 F.Supp.2d at 370, citing *Willemijn Houdstermaatschappij, BV,* 103 F.3d at 12; *see also, Local 1199,* 956 F.2d at 24.

22. Understandably, determinations of fact may not be revisited. *Wallace v. Buttar,* 378 F.3d 182, 193 (2d. Cir. 2004); *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.,* 304 F.3d 200, 213 (2002); accord *ConnTech Dev. Co. v. University of Conn. Educ. Props., Inc.,* 102 F.3d 677, 687 (2d Cir.1996) ("holding that an erroneous factual determination is not a ground for vacating an arbitration award").

23. Indeed, so strong is the public policy interest in confirming arbitration awards, the Court of Appeals for the Second Circuit "adhere[s] firmly to the proposition ... that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a 'barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp.,* 954 F.2d at 797 (citation omitted); *see also Fahnestock & Co., Inc. v. Waltman,* 935 F.2d 512, 516 (2d Cir.1991); *In re Marine Pollution Serv., Inc.,* 857 F.2d 91, 94 (2d Cir.1988).

24. There is no question that the Arbitrator's award detailing his determinations of fact, law and damages easily satisfies this standard.

### IV. THE AWARD SHOULD BE CONFIRMED

A. Two Mediations were held but unsuccessful

25. Pursuant to the Franchise Agreement between two parties, "In the event of any dispute arising out of or in connection with this Agreement or the relationship of the parties

hereto… the parties agree to submit the matter to mediation under the American Arbitration Association Commercial Mediation Rules.

26.     Prior to Petitioners' filing of a Demand for Arbitration against Respondents under the auspices of the American Arbitration Association ("AAA") on August 21, 2015, the parties had previously participated in an unsuccessful mediation. On October 20,2016, at the parties's request, the AAA appointed Judge Hon. E. Leo Milonas to serve as Mediator for a second mediation. Such mediation was held on 15 November 2016 at New York office of Pillsbury Winthrop Shaw Pittman, LLP. All mediation related evidences are attached as Exhibit D. Therefore, the mediation requirement has been met.

B. The Arbitrator Was Duly Appointed

27.     Pursuant to the Franchise Agreement between two parties, "one arbitrator shall be selected from a panel of neutral arbitrators provided by the AAA and shall be chosen by the striking method." As prescribed by Caffebene's arbitration provision, the Arbitrator was appointed pursuant to AAA's appointment process and the two parties conferred and agreed on arbitrator Peter L. Altieri, Esq. *See* Exhibit E.

C. The Arbitrator Held Evidentiary Hearing Attended by Both Parties

28.     A preliminary hearing was held telephonically on August 15, 2016 appearing attorneys for both parties before Arbitrator Peter L. Altieri. *See* Exhibit F. Evidentiary hearings were held in this proceeding on January 15 and 16,2018, in New York, New York. John Xu, Alexander Lopez and Brian Zhou testified on behalf of J&C International Group, LLC, Ideal Capital LLC, Ideal Investment LLC, Caffebene Season Plaza LLC, and Kingston Cafe

Management, Inc. (jointly "Petitioners") and Christine Kim and Daniel Lee appeared on behalf of Caffebene, Inc. and Caffebene Company, Ltd. jointly "Respondents") and provided evidence on behalf of Respondents. Documentary evidence was introduced, and the witnesses were questioned about the documents by Petitioners and by Respondents. The hearings were not transcribed and were closed on January 17, 2018.

D. The Arbitrator's Award Is Thorough and is in accordance with Arbitration Clause

29. "There is no general requirement that arbitrators explain the reasons for their award." and an arbitration award shall be enforced if "there is a colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J*, Service Employees Int'l Union, 954 F.2d 794. Petitioners assert breach of contract, fraud and misrepresentation claims and seek economic damages in excess of $1,850,000.00 among other relief against both Respondents. The grounds for the arbitrator's decision can be inferred from the record and the Award made by Arbitrator Peter L. Altieri shall be enforced when the substantial evidence provided by petitioner at evidentiary hearing provided a justifiable ground for his award. (*Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Midland Elec. Contr. Corp.* (S.D.N.Y. Apr. 18, 2018, No. 18-CV-702 (AJN)) 2018 U.S.Dist. LEXIS 65721.)

30. Pursuant to the Franchise Agreement between two parties, fees and expenses of the proceeding may be awarded by the arbitrator to the prevailing party. Thus, it is proper that the arbitrator also established that an interest of 9% would accrue on the award from the date of August 21, 2015.

V. **ATTORNEY FEES AND COSTS**

31. Pursuant to the Franchise Agreement between two parties, the fees and expenses of the proceeding may be awarded by the arbitrator to the prevailing party.

12

32. Copies of attorney's invoice, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as Exhibit G.

### VI. Post-Judgment Interest on the Arbitration Award

33. Under 28 U.S.C. § 1961, Petitioners are entitled to post-judgment interest on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). As recognized by the Second Circuit, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). Accordingly, Petitioners also request that the Court award Petitioners post-judgment interest in accordance with 28 U.S.C. § 1961's provisions.

### VII. CONCLUSION

34. As of the date of this Petition, Respondent has failed to pay any portion of the Award. For the reasons set forth above, Petitioner respectfully requests that this Court confirm that Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

35. A proposed judgment is attached hereto as Exhibit H.

Dated: New York, New York

June 3, 2018

Respectfully Submitted

_____

Stuart Altman