# EXHIBIT A

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
International Arbitration Tribunal

Re:   01-15-0004-7221

J&C International Group LLC;
Ideal Capital LLC;
Ideal Investment LLC;
Caffebene Season Plaza LLC;
and Kingston Café Management, Inc.,

Claimants,

vs.

Caffebene, Inc. and Caffebene Company, LTD,

Respondent.

## FINAL AWARD

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreements entered into by Caffebene, Inc. on the one hand, and by Kingston Café Management, Inc. ("Kingston") and by Ideal Capital LLC ("Ideal"), both dated January 2, 2014, on the other hand, agreed that any claim by either Kingston or Ideal, or "any person in privity with or claiming through" them, concerning "any dispute arising out of or in connection with" the agreement, will be resolved by arbitration before the American Arbitration Association ("AAA") and under the AAA's Commercial Arbitration Rules, and having duly heard the proofs and allegations of the Parties, do hereby AWARD as follows:

Evidentiary hearings were held in this proceeding on January 15 and 16, 2018, in New York, New York.  John Xu, Alexander Lopez and Brian Zhou testified on behalf of J&C International Group, LLC, Ideal Capital LLC, Ideal Investment LLC, Caffebene Season Plaza LLC, and Kingston Cafe Management, Inc. (jointly "Claimants") and Christine Kim and Daniel Lee appeared on behalf of Caffebene, Inc. and Caffebene Company, Ltd. (jointly "Respondents") and provided evidence on behalf of Respondents.

Documentary evidence was introduced and the witnesses were questioned about the documents by Claimants and by Respondents.  The hearings were not transcribed and were closed on January 17, 2018.  In the initial preliminary conference hearing, it was determined that a standard award would be issued.

Firm:45556694v1

Claimants assert breach of contract, fraud and misrepresentation claims and seek economic damages in excess of $1,850,000.00 among other relief against both Respondents. Respondents deny the claims and assert standing, causation, reasonable reliance and jurisdictional defenses, among others, but do not assert any counterclaims.

I hereby find and award as follows:

1.     Respondent Caffebene, Inc. shall pay:   (a) to Claimant Ideal Capital LLC $227,449.20; (b) to Claimant J&C International Group LLC $51,571.64; (c) to Claimant Caffebene Season Plaza LLC $341,070.74; and (d) nine percent interest on all of the above amounts from August 21, 2015, to the date of payment.  No damages are being awarded to Claimants Ideal Investment LLC and Kingston Café Management, Inc.

2.     The Administrative fees and expenses of the American Arbitration Association totaling $16,900.00 are to be borne by Respondent Caffebene, Inc.  The Compensation and expenses of the Arbitrator totaling $33,020.00 are to be borne by Respondent Caffebene, Inc. Therefore, Respondent Caffebene, Inc. shall reimburse Claimant Caffebene Season Plaza LLC the sum of $33,410.00, representing that portion of said fees and costs in excess of the apportioned costs incurred by Claimants.

3.     All claims and requests for damages or other relief not expressly granted herein are denied including Claimant's claims for punitive damages and injunctive relief.

This Award is in full settlement of all claims submitted to this arbitration.

I hereby certify that, for the purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in New York, New York, United States of America.

February *15*, 2018

_Peter L. Altieri_
Peter L. Altieri
Arbitrator

Claimants assert breach of contract, fraud and misrepresentation claims and seek economic damages in excess of $1,850,000.00 among other relief against both Respondents. Respondents deny the claims and assert standing, causation, reasonable reliance and jurisdictional defenses, among others, but do not assert any counterclaims.

I hereby find and award as follows:

1.      Respondent Caffebene, Inc. shall pay:   (a) to Claimant Ideal Capital LLC $227,449.20; (b) to Claimant J&C International Group LLC $51,571.64; (c) to Claimant Caffebene Season Plaza LLC $341,070.74; and (d) nine percent interest on all of the above amounts from August 21, 2015, to the date of payment.  No damages are being awarded to Claimants Ideal Investment LLC and Kingston Café Management, Inc.

2.      The Administrative fees and expenses of the American Arbitration Association totaling $16,900.00 are to be borne by Respondent Caffebene, Inc.  The Compensation and expenses of the Arbitrator totaling $33,020.00 are to be borne by Respondent Caffebene, Inc. Therefore, Respondent Caffebene, Inc. shall reimburse Claimant Caffebene Season Plaza LLC the sum of $33,410.00, representing that portion of said fees and costs in excess of the apportioned costs incurred by Claimants.

3.      All claims and requests for damages or other relief not expressly granted herein are denied including Claimant's claims for punitive damages and injunctive relief.


This Award is in full settlement of all claims submitted to this arbitration.

I hereby certify that, for the purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in New York, New York, United States of America.

February _15_, 2018

_Peter L. Altieri_
Peter L. Altieri
Arbitrator

# EXHIBIT B

will not preclude us from exercising or enforcing any other right or remedy to which we are entitled.

28.2   The parties to this Agreement will not be considered to be in default of any obligations hereunder, other than the obligation of a party to make payment of amounts due to the other party, if the failure of performance is due to a Force Majeure, including drought, flood, earthquake, storm, fire, lightening, epidemic, war, riot, civil disturbance, sabotage, strike or labor difficulty, or casualty to equipment.   If any party is affected by a Force Majeure event, such party will give written notice within fourteen (14) days to the other party stating the nature of the event, its anticipated duration and any action being taken to avoid or minimize its effect.   The suspension of performance will be of no greater scope and no longer duration than is required, and the non-performing party will use its best efforts to remedy its inability to perform.   The obligation to pay any amount in a timely manner is absolute and will not be subject to these Force Majeure provisions, except to the extent prohibited by governmental rule or regulation.

29.   **MEDIATION AND ARBITRATION**

In the event of any dispute arising out of or in connection with this Agreement or the relationship of the parties hereto, including without limitation any claim related to termination or expiration of this Agreement and any claim for damages and/or compensation related thereto, the parties agree to submit the matter to mediation under the American Arbitration Association Commercial Mediation Rules.   The mediation shall be conducted by one (1) mediator and shall take place not more than forty-five (45) days following the filing of a request for mediation in New York County, New York.   The parties or their principals must personally attend and participate for a minimum of three (3) hours.

Except as otherwise provided in this Agreement, if the mediation is not successful, any controversy, claim, cause of action or dispute arising out of, or relating to the Caffebene Store or this Agreement including, but not limited to (i) any claim by Franchisee, or any person in privity with or claiming through, on behalf of or in the right of Franchisee, concerning the entry into, performance under, or termination of, this Agreement or any other agreement entered into by Franchisor, or its subsidiaries or affiliates, and Franchisee, (ii) any claim against a past or present employee, officer, director or agent of Franchisor, (iii) any claim of breach of this Agreement, and (iv) any claims arising under state or federal laws, shall be submitted to final and binding arbitration as the sole and exclusive remedy for any such controversy or dispute. Unless, prohibited by applicable law, and except with respect to claims for payment defaults by Franchisee, any claim shall be made by filing a written demand for arbitration within one (1) year from the date on which Franchisor or Franchisee knew or should have known, in the exercise of reasonable diligence, of the conduct, act or other event or occurrence first giving rise to the claim; otherwise, the right to any remedy shall be deemed forever waived and lost. Claims by Franchisor regarding payment defaults may be made at any time within the applicable legal statute of limitations. Claims allegedly in defense against claim for payment are barred if not made within the one year period referred to above. Persons in privity with or claiming through,

on behalf of or in the right of Franchisee include, but are not limited to, spouses and other family members, heirs, executors, representatives, successors and assigns.

The right and duty of the parties to this Agreement to resolve any disputes by arbitration shall be governed exclusively by the Federal Arbitration Act, as amended, and arbitration shall be conducted pursuant to the then-prevailing Commercial Arbitration Rules of the AAA. The arbitration shall be held at the office of the AAA nearest to our principal office at the time. Any dispute as to the arbitration of any controversy, claim, cause of action or dispute shall also be determined by arbitration.

One arbitrator shall be selected from a panel of neutral arbitrators provided by the AAA and shall be chosen by the striking method. The fees and expenses of the proceeding may be awarded by the arbitrator to the prevailing party. If not so awarded, the parties shall bear their own fees, costs and expenses, and the charges of the arbitrator shall be split between the parties. The arbitrator shall have no authority to amend or modify the terms of this Agreement.   The arbitrator shall not have authority to hear or consider claims by more than one franchisee in any proceeding.

30.   **INJUNCTIONS**

Despite our and your agreement to mediate, we and you each have the right in a proper case to seek temporary restraining orders and temporary or preliminary injunctive relief from a court of competent jurisdiction; provided, however, that we and you agree to contemporaneously submit our dispute for mediation on the merits as provided in this Subsection.

31.   **JURISDICTION, VENUE, AND LIMITATIONS PERIOD**

**31.1   THIS AGREEMENT, THE FRANCHISE, AND ALL CLAIMS ARISING FROM THE RELATIONSHIP BETWEEN US AND YOU WILL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO ITS CONFLICT OF LAWS RULES.**

**31.2   SUBJECT TO SECTION 29 ABOVE AND THE PROVISIONS BELOW, YOU AND YOUR OWNERS AGREE THAT ALL ACTIONS ARISING UNDER THIS AGREEMENT OR OTHERWISE AS A RESULT OF THE RELATIONSHIP BETWEEN YOU AND US MUST BE COMMENCED IN THE STATE OR FEDERAL COURT OF GENERAL JURISDICTION IN NEW YORK, NEW YORK, AND YOU (AND EACH OF YOUR OWNERS) IRREVOCABLY SUBMIT TO THE JURISDICTION OF THOSE COURTS AND WAIVE ANY OBJECTION YOU (OR THE OWNER) MIGHT HAVE TO EITHER THE JURISDICTION OF OR VENUE IN THOSE COURTS.**

**31.3   YOU MUST BRING ANY CLAIM ARISING FROM THIS AGREEMENT OR OUR RELATIONSHIP WITHIN THE FOLLOWING TIME PERIODS: 1) YOU MUST INITIATE MEDIATION WITHIN SIX MONTHS AFTER THE CLAIM ACCRUES OR YOU KNEW OR REASONABLY SHOULD HAVE KNOWN OF THE CLAIM; 2) YOU MUST INITIATE LEGAL ACTION WITHIN 1 YEAR AFTER THE CLAIM ACCRUES OR YOU KNEW OR**